UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Janice Pennington,

Plaintiff

COMPLAINT

vs.

Jury Trial Demanded

Nephrology Associates of WNY, LLP
and Alcott HR Group LLC

Defendant

1.      This is a proceeding for damages, and injunctive relief to redress the deprivation of rights

secured to plaintiff by the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et. seq.

and the Equal Pay Act of 1963 as amended.  Plaintiff also raises claims pursuant to the New

York Labor Law §194 and New York Human Rights Law §296.

2.      As is set forth in detail, below, Defendants terminated Plaintiff's employment because of

her disability, and further discriminated against her by failing to hire her for an open position for

which she was well qualified.

**JURISDICTION AND VENUE**

3.      Jurisdiction is conferred upon this  Court by 28 USC §§ 1331 and 1343; supplemental

jurisdiction over Plaintiff's state law claims is conferred upon this Court by 28 USC § 1367.

4.      Plaintiff has exhausted administrative remedies; a copy of the charges filed on January 9,

2019 with the New York State Division of Human Rights against Nephrology Associates of

Western New York, and the Right to Sue letter issued by the Equal Employment Opportunity

Commission on November 25, 2019, are attached hereto as Exhibit A. A copy of the  charge

filed on January 9, 2019 with the New York State Division of Human against the Alcott HR

Group LLC, and the Right to Sue letter issued by the Equal Employment Opportunity

Commission on November 25, 2019 are attached as Exhibit B.

5.      Venue is properly laid in the Western District of New York pursuant to 28 USC §

1391(b) because the Defendants are located in the Western District of New York, and because

the events giving rise to the Complaint occurred in the Western District of New York.

6.      Written consent of the Plaintiff, as required by 29 U.S.C. 216(b), is being filed with the

Court simultaneously with the filing of this Complaint.


## PARTIES

7.      Plaintiff Janice Pennington is a woman.

8.      At all times relevant to this action, Plaintiff PENNINGTON  was a licensed Nurse

Practitioner.

9.      At all times relevant to this action, Plaintiff  PENNINGTON was a person with a

disability within the meaning of the relevant statutes.

10.     Defendant NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK is an employer

within the meaning of the applicable statutes.

11.     Defendant ALCOTT HR GROUP LLC is a professional employer organization who

administered NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK benefits, human

resources functions, worker's compensation, payroll processing and unemployment insurance.

## STATEMENT OF THE FACTS

12.     PLAINTIFF, JANICE PENNINGTON,  commenced working  for NEPHROLOGY

ASSOCIATES OF WESTERN NEW YORK as a Nurse Practitioner in October 2010.

13.    Plaintiff's employment was continuous until the date of her termination on August 1, 2018.

14.    Plaintiff was diagnosed with cancer in November 2017.

15.    Plaintiff had direct exposure to NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK dialysis patients after her diagnosis which had the potential to negatively impact Plaintiff's health.

16.    Male Nurse  Practitioner Christopher Barone was hired in July 2017 at a pay rate of One Hundred Thousand ($100,000) a year.

17.    Ms. Pennington was paid Eighty-Nine Thousand Eight Hundred and Twenty-One Dollars ($89,821.00) in 2017 when working as a Nurse Practitioner.

18.    Plaintiff requested an accommodation in December 2017  wherein she would  not work with dialysis patients during her chemotherapy treatments.

19.    NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK Practice Manager, Ms. Rua, advised that Plaintiff could remain in her Nurse Practitioner position ( with a $20,000 annual reduction in her salary) while working out of the office without direct contact with dialysis patients starting January 2018.

20.    When Plaintiff reported to work on January 3, 2018 she was told she would be working as a Registered Nurse at approximately half her pre-diagnosis salary.

21.    Plaintiff was also informed that she was being switched from salaried to hourly status and that she would be required to use leave time for medical and chemotherapy appointments.

22.    On information and belief  ALCOTT HR GROUP LLC directed  NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK to amend Plaintiff's position from salaried to hourly.

23.    Plaintiff successfully performed her Registered Nurse duties for NEPHROLOGY

ASSOCIATES OF WESTERN NEW YORK during the period January 3, 2018-May 6, 2018.

24.    Plaintiff went on short term disability leave for surgery on May 7, 2018.

25.    Plaintiff was released to work from her surgery on July 12, 2018.

26.    Plaintiff was scheduled to commence daily radiation treatments for six and a half weeks.

27.    Plaintiff submitted a note from her physician on July 13, 2018 stating that she will be

unable to work from July 16, 2018 through October 10, 2018 and that she would be re-assessed

on October 10, 2018.

28.    Plaintiff received a letter from ALCOTT HR GROUP LLC on or about August 8, 2018

terminating Plaintiff's employment  with NEPHROLOGY ASSOCIATES OF WESTERN NEW

YORK effective August 1, 2018.

29.    Plaintiff was terminated from her employment on August 1, 2018 by NEPHROLOGY

ASSOCIATES OF WESTERN NEW YORK.

30.    Neither NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK or ALCOTT HR

GROUP engaged in the interactive process with Plaintiff to determine when, or if, Plaintiff could

return to work.

31.    Neither NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK or ALCOTT HR

GROUP offered Plaintiff an accommodation of additional leave time due to her disability.

32.    DEFENDANTS terminated Ms. Pennington less than twelve (12) weeks after Plaintiff

went out on short term disability.

33.    DEFENDANTS failed to engage in the interactive process required under Federal and

New York State law.

34.    On or about October 19, 2018 Plaintiff responded to a Nurse Practitioner-Nephrology position advertised through Winston Resources.

35.    Winston Resources advised Plaintiff that the position was at NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK and that Winston Resources would not process an application for re-hire.

36.    Plaintiff applied directly to NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK for the advertised Nurse Practitioner position.

37.    Plaintiff never received any response to her application.

38.    Upon information and belief Plaintiff was not hired for the Nurse Practitioner position because of her disability.

FIRST CAUSE OF ACTION:  DISCRIMINATION ON THE BASIS OF DISAILITIY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

39.    Plaintiff reasserts and realleges the allegations in ¶¶ 1 – 38 as though fully set forth herein.

40.    Plaintiff alleges that Defendants NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK and ALCOTT HR GROUP LLC unlawfully and discriminatorily terminated Plaintiff's employment and refused to re-hire her on account of her disabilities and said actions violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §§12101 et. seq., justifying an award inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

41.    Defendants acted knowingly and intentionally, despite their awareness that their actions violated Plaintiff's rights under state and federal law.

42.    As a result of Defendants' illegal actions, Plaintiff has suffered economic loss, loss of enjoyment of life, emotional pain and suffering, and loss of future earnings.

SECOND CAUSE OF ACTION:  DISCRIMINATION ON THE BASIS OF DISAILITIY IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

43.    Plaintiff reasserts and realleges the allegations set forth in ¶¶ 1 through 42 as though fully set forth herein.

44.    Plaintiff alleges that Defendants NEPHROLOGY ASSOCIATES OF WESTERN NEW YORK and ALCOTT HR GROUP LLC unlawfully and discriminatorily terminated Plaintiff's employment  and refused to re-hire her on account of her disabilities and said actions violate the provisions of the NEW YORK STATE HUMAN RIGHTS LAW 296(1).

45.    As a result of Defendants' illegal actions, Plaintiff has suffered economic loss, loss of enjoyment of life, emotional pain and suffering, and loss of future earnings.

THIRD CAUSE OF ACTION: VIOLATION OF THE EQUAL PAY ACT

46. Plaintiff reasserts and realleges the allegations set forth in ¶¶ 1 through 45 as though fully set forth herein.

47. Defendants knowingly and willfully paid Plaintiff lower wages than was paid to a similarly situated man for work on jobs requiring equal licensure, skill, efforts, and responsibility in 2017.

48. Defendants knowingly and willfully paid Plaintiff lower wages than those paid to similarly situated man.

49. As a result of Defendants' actions, Plaintiff has suffered economic loss, loss of enjoyment of life, emotional pain, suffering, and loss of future wages.

FOURTH CAUSE OF ACTION:  DISCRIMINATION IN VIOLATION OF NEW YORK

LABOR LAW

50. Plaintiff reasserts and realleges the allegations set forth in ¶¶ 1 through 49 as though fully set forth herein.

51. Defendants knowingly paid Plaintiff lower wages than those paid to a similarly situated men.

52. Defendants' actions discriminated against Plaintiff on the basis of her sex in violation of New York Labor Law §194(1).

53. As a result of Defendants' actions, Plaintiff has suffered economic loss, loss of enjoyment of life, emotional pain, an suffering and loss of future wages.

54. As a result of Defendants' illegal actions, Plaintiff has suffered economic loss, loss of enjoyment of life, emotional pain and suffering, and loss of future earnings.


WHEREFORE, Plaintiff respectfully requests this Court to enter Judgment:

1.  Holding that Defendants have violated Plaintiff's rights under the Americans with Disabilities Act, the Fair Labor Standards Act, New York Labor Law and the New York Human Rights Law;

2.  Awarding Plaintiff back and front pay;

3.  Awarding Plaintiff compensatory damages;

4.  Awarding Plaintiff punitive and liquidated damages to the maximum amount permitted by law;

5.  Awarding Plaintiff pre-judgment and post-judgment interest to the maximum amount permitted by law

7

6.  Awarding Plaintiff attorney's fees and costs to the maximum amount permitted by law;

7.  Providing such other relief as the Court determines just and equitable.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:          February 19, 2020

/s/ Elizabeth Tommaney                              /s/ Anna Marie Richmond

ELIZABETH TOMMANEY                        ANNA MARIE RICHMOND
Attorney for Plaintiff                              Attorney for Plaintiff
2500 Rand Building                                 2500 Rand Building
14 Lafayette Square                                14 Lafayette Square
Buffalo, NY  14203-1295                        Buffalo, NY  14203-1295
716-242-1550                                       716-854-1100
liza@tommaneylegal.com                        annamarierichmondesq@gmail.com

**Plaintiff's Consent Pursuant to 29 USC §216(b)**

1.      I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

against my former employer Nephrology Associates of Western New York and Alcott HR Group

LLC and any other related entities or affiliates ("Defendant") to recover my pay.

2.      I understand that I may withdraw my consent to proceed with my claims at any time by

notifying the attorneys handling this matter.

February 19, 2020

/s/ Janice Pennington

_____

Janice Pennington